JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARLEY DREW HARDMAN, | Case No. 2:22-08713 SB (ADS) |
| Petitioner, | |
| v. | ORDER DISMISSING EMERGENCY ACTION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |
| BRYON BIRKHOLZ, WARDEN, | |
| Respondent. | |

I.  **INTRODUCTION**

Before the Court is a Petition for Writ of Habeas Corpus by an Inmate in Federal Custody pursuant to 28 U.S.C. 2241, also titled an "Emergency Action for Writ of Habeas Corpus" ("Petition") filed by Petitioner Parley Drew Hardman.  (Dkt. No. 1.) Petitioner is a federal inmate at USP Lompoc.  (Id. at 3.)  Although the Petition includes the words "emergency action" and "injunction," based on the Court's review, the Court construes the filing as a petition seeking expedited adjudication on the merits.  Also,

1. Petitioner has not complied with the requirements for emergency injunctive relief.
2. Having reviewed the Petition and relevant legal authority, the Petition is DISMISSED.

## II.  BACKGROUND

As best the Court understands it, Petitioner alleges that his efforts to pursue a legal claim have been hindered. (Id. at 1.)[1] He further alleges, with no supporting facts, that the prison staff has not "provide[d] suggested (chronic care) medical care" and that he "has exhibited signs of medical distress." (Id. at 2, 3.) Petitioner attaches a memorandum from a unit manager at the Bureau of Prisons that states a box containing legal materials will be mailed to the courts once the Treasury check has been processed. (Id. at 5.) Petitioner also attaches a "BP-8 Informal Resolution" form in which Petitioner alleges that prison officers have "abridge or impaired the Inmates Legal right to apply documentation to a Federal court." (Id. at 6) (errors in original). As relief, Petitioner seeks "injunctive relief against unconstitution [sic] conditions of confinement." (Id. at 2.) Petitioner also recently filed two additional habeas petitions under 28 U.S.C. § 2241, which are currently in the screening stage. (See Hardman v. Birkholz, Case No. 22-07787 SB (ADS); Hardman v. Birkholz, Case No. 22-08723 SB (ADS)).

## III.  DISCUSSION

Plaintiff purports to file a petition under 28 U.S.C. § 2241. 28 U.S.C. § 2241 permits petitions to challenge the manner, location, or conditions of a sentence's execution and must be brought in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016)

---

[1] All page citations are to CM/ECF pagination.

1  (internal citation omitted).  A civil rights action is the proper method to challenge
2  conditions of confinement.  Id.; 42 U.S.C. § 1983 (for state prisoners) or Bivens v. Six
3  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (for
4  federal prisoners).  When success on a federal petitioner's claim would not necessarily
5  lead to his immediate or earlier release from confinement, the claim does not fall within
6  "the core of habeas corpus" and the claim must be brought under Bivens.  See Nettles,
7  830 F.3d at 935.

8       The basis of the Petition concerns the conditions at USP Lompoc.  Petitioner
9  alleges that his efforts to pursue a legal claim has been hindered and that the prison
10 failed to provide medical care.  (Dkt. No. 1 at 1-3.)  These allegations relate to civil rights.
11 Further, Petitioner cites to case law related to 42 U.S.C. § 1983.  (Id. at 2); see, e.g.,
12 Semeneck v. Ahlin, No. 1:09-CV-00566 JLT (PC), 2010 WL 4738065, at *1 (E.D. Cal.
13 Nov. 16, 2010); Valentine v. Beyer, 850 F.2d 951, 952 (3d Cir. 1988).  Petitioner does not
14 provide specific details of the alleged unconstitutional conditions he has had to endure.
15 However, the allegations in the Petition suggest that success on his claims would not
16 necessarily lead to his immediate or earlier release from confinement.  See Nettles, 830
17 F.3d at 935.  As such, the Court finds that Petitioner's claims are not cognizable on
18 habeas review.

19      Finally, the Court declines to convert the Petition into a civil rights complaint.
20 The allegations in the Petition are not sufficient to state a claim for Bivens under Rule 8
21 and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For example, the Petition,
22 which is sparse of facts and not clear, does not appear to state a Bivens claim because
23 Petitioner seeks solely injunctive relief.  See Solida v. McKelvey, 820 F.3d 1090, 1093
24 (9th Cir. 2016) ("Bivens does not encompass injunctive and declaratory relief where . . .

the equitable relief sought requires official government action."). Further, the Petition is not accompanied by the requisite $350 filing fee and it does not appear that Petitioner has exhausted the available administrative remedies. See <u>Woodson v. Birkholz</u>, No. CV 22-00041-DMG (GJS), 2022 WL 523994, at *2 (C.D. Cal. Feb. 22, 2022) (declining to convert petition into a civil rights complaint due to fee and exhaustion requirement and finding no viable <u>Bivens</u> claim). Accordingly, the Court DISMISSES the Petition for failure to state a cognizable claim under 28 U.S.C. § 2241.

## IV. CONCLUSION

For the foregoing reasons, the Petition is dismissed without prejudice. (Dkt. No. 1.)

IT IS SO ORDERED.

Dated: December 26, 2022

_____
THE HONORABLE STANLEY BLUMENFELD, JR.
United States District Judge

Presented by:

      /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge